UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-80-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HOLLYWOOD DEWAYNE GILL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of *pro se* Defendant Hollywood Dewayne Gill's motion seeking to have the Court direct the Clerk to provide him with copies of various documents without payment. [Record No. 70] For the reasons discussed below, the Court will deny Gill's motion.

Two statutes, 28 U.S.C. §§ 753(f) and 2250, define the government's responsibility to provide transcripts or other court documents to indigent inmates. Pursuant to § 753(f), the government must furnish transcripts of criminal proceedings where a prisoner has authorization to proceed *in forma pauperis*, the court finds that the § 2255 action is non-frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f). With respect to court documents, § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

-1-

28 U.S.C. § 2250.  Under both statutes, the petitioner must show "a particularized need" for the documents requested.  *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (addressing requirements of § 753(f) (citing *United States v. Maccollom*, 426 U.S. 317, 326 (1976)); *Bozeman v. United States*, 354 F. Supp. 1262, 1263-64 (E.D. Va. 1973) (explaining "particularized need" standard for purposes of § 2250).

In the present case, Gill asserts that the documents are needed to prepare a petition to be filed under 28 U.S.C. § 2255.  However, this broad, vague request is insufficient.  Additionally, his request is premature, inasmuch as no request for collateral relief is pending at this time.  Accordingly, it is hereby

**ORDERED** that Gill's motion [Record No. 70] is **DENIED**.  However, the Clerk is directed to forward a copy of the docket sheet to the defendant together with the per page charge for copying any file materials.

This 22nd day of May, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge