UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-80-DCR |
| ) | |
| V. ) | |
| ) | |
| HOLLYWOOD DEWAYNE GILL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Hollywood Gill is currently serving a term of imprisonment of 200 months for distributing heroin in violation of 21 U.S.C. § 841(a)(1). [Record No. 43] After pleading guilty to the offense, Gill appealed his sentencing status as a Career Offender. [Record No. 44] However, that appeal was unsuccessful. [Record No. 58] Next, Gill filed a motion to vacate his sentence under 28 U.S.C. § 2255, again challenging his Career Offender status. [Record No. 63] Due to procedural and substantive deficiencies, the Court denied the motion, without prejudice. [Record No. 69]

On June 16, 2015, Gill filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). [Record No. 75] The Court denied the motion because Gill was sentenced as a Career Offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), meaning the recent amendments to the drug quantity table did not apply to his sentence. [Record No. 76, p. 6] Thereafter, Gill re-filed his motion to vacate, which remains pending along with the United States' motion to dismiss. [Record Nos. 79; 85]

On March 4, 2016, Gill filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). [Record No. 93] In addition, Gill submitted a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel. [Record No. 92] In the affidavit attached to the latter motion, the defendant requests reconsideration of the first § 3582 motion. [Record No. 92-1, ¶ 2] As a result, the Court construes the present § 3582 motion as a motion for reconsideration.

Because Gill recently requested appointment of counsel for his pending § 2255 motion and the Court denied such request, the Court only considers the present request for counsel as it relates to the § 3582 motion. [Record Nos. 90; 91] There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). Section 3582(c)(2) simply provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the Guidelines . . . As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted.

Here, the record and information available to the Court from the original sentencing are sufficient to consider the motion for reconsideration of § 3582 relief. Therefore, appointment of counsel would be unnecessary and a waste of resources.

With respect to Gill's request for *pauper* status, the Court notes that there is no fee associated with a motion for relief under § 3582.  Thus, the defendant likely requests *pauper* status as it relates to his motion for appointment of counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A.  Because the Court will deny the motion for appointment of counsel, the motion for *pauper* status is moot.[1]  Further, Gill has not filed the appropriate documentation for a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2).  Consequently, his request will be denied.

Regarding the motion for reconsideration, district courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure.  *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  However, Rule 59(e) motions for reconsideration must be filed no later than 28 days after entry of the applicable order.  Fed. R. Civ. P. 59(e).  Because Gill filed the present motion more than 28 days after the Court's denial of his first § 3582 motion, the motion for reconsideration cannot be considered under Rule 59(e).  [Record No. 76]

The defendant's motion for reconsideration can also be construed as a motion under Rule 60(b), which must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *see Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).  A Rule 60(b) motion may be granted where the movant demonstrates:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

---

[1] To the extent that Gill requests *pauper* status for his pending § 2255 motion, the request is unnecessary at this juncture.  United States Magistrate Judge Hanly A. Ingram is presently considering the defendant's § 2255 motion and the United States' motion to dismiss.

party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, only Rule 60(b)(6) is applicable.

Gill seems to assert that the Court erred in denying the previous motion for a sentence reduction when it determined that the recent amendments to the U.S.S.G. did not apply because Gill was sentenced as a Career Offender. The defendant claims that his "sentence was imposed only under U.S.S.G. § 2D1 – drug weight – with the court affirmatively determining to not impose a career offender term." [Record No. 93, p. 3] He further states that the Plea Agreement "expressly used U.S.S.G. § 2D1 to determine the offense level." [*Id.*]

Gill is incorrect. His base offense level was 34. [Presentence Investigation Report, "PSR," p. 5] His base offense level would have been 18 if he were sentenced under U.S.S.G. § 2D1.1, without the Career Offender enhancement. [PSR, p. 4] In fact, the PSR explicitly states that Gill's base offense level calculation resulted from U.S.S.G. § 4B1.1(b)(2), rather than § 2D1.1. [*Id.*, p. 5] After a three-level reduction for acceptance of responsibility, Gill's total offense level was determined to be 31. [*Id.*] With a criminal history category of VI, his non-binding guideline range was 188 to 235 months of imprisonment. [*Id.*, p. 23]

In addition, the Plea Agreement specifically noted that the defendant might "qualify as a Career Offender." [Record No. 41, p. 4] Moreover, at the sentencing hearing, the Court stated that the guideline range was the "starting point," ultimately imposing a term of imprisonment within the guideline range. [Record Nos. 52, p. 26; 43] Because Gill was sentenced as a Career Offender, the recent amendments to the drug quantity table in U.S.S.G.

§ 2D1.1(c) do not apply to his sentence. *See, e.g.*, *United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting the argument that Amendment 750 applies to career offenders). Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable.

As explained in the Court's previous Order, even if Gill were eligible for a reduction, it would not be warranted in light of the sentencing goals of 18 U.S.C. § 3553(a). [Record No. 76, p. 6] For example, Gill's significant criminal history and substance abuse problems indicate an increased likelihood that he will reoffend upon release and the need for adequate deterrence. [PSR, p. 6–14] Therefore, a total term of imprisonment of 200 months is needed to meet all goals and objectives of sentencing. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Hollywood Gill's request for appointment of counsel and leave to proceed *in forma pauperis* [Record No. 92] is **DENIED**.

2. The defendant's motion for reconsideration of the Court's denial of his prior 18 U.S.C. § 3582 motion [Record No. 93] is **DENIED**.

This 4th day of March, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge