UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:13-00080-DCR-1 |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5:15-00318-DCR |
| V. ) | |
| ) | |
| HOLLYWOOD DEWAYNE GILL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Hollywood Gill's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 79]  The United States responded to Gill's motion and moved to dismiss. [Record No. 85]  Pursuant to 28 U.S.C. § 636(b)(1)(B), Gill's motion was referred to a United States Magistrate Judge for issuance of a report and recommendation.  On March 7, 2016, Magistrate Judge Hanly A. Ingram issued his report which recommended that Gill's motion be denied and that a Certificate of Appealability not be issued. [Record No. 96]  Gill filed objections to the report, which the Court construes as timely. [Record No. 103]  Having conducted a *de novo* review of the portions of the recommendation to which he objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court will adopt the magistrate judge's recommended disposition and deny the relief sought by Gill.

**I.**

In June 2013, Gill was indicted for seven counts of distribution of controlled substances and three counts of possession with the intent to distribute controlled substances in violation

of 21 U.S.C. § 841(a)(1). [Record No. 1] Attorney Mary Ann Leichty was appointed under the Criminal Justice Act to represent Gill. On July 24, 2013, Gill pled guilty to one count of distributing heroin (Count 1 of the Indictment). [Record No. 19] Under the terms of the plea agreement, he admitted having a prior drug felony conviction as set forth in the notice filed by the United States on June 28, 2013. [Record No. 10] Gill acknowledged that, based on that conviction, he was subject to an enhanced statutory punishment. [Record No. 20, p. 3] Gill also admitted having at least two other prior felony convictions for controlled substance offenses in state court. *Id.* He agreed that his prior felonies may qualify him as a career offender under U.S.S.G. § 4B1.1, but the plea agreement permitted him to argue against that enhancement at sentencing. *Id.* at p. 4. Gill also agreed that he would not file a motion for a decrease in his offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or for a departure from his guideline range pursuant to U.S.S.G. Chapter 5, Parts H or K. *Id.* at p. 5. He waived his right to appeal his guilty plea, conviction, or any within-guideline sentence. *Id.* And Gill also waived his right to bring a collateral attack, with the exception of claims of ineffective assistance of counsel. *Id.*

     Gill filed a motion requesting new counsel two months after pleading guilty. [Record No. 26] The Court conducted a hearing on the matter on October 2, 2013, and Gill's motion was granted. [Record No. 30] Leichty was excused from the case and Attorney Mark Wohlander was appointed under the Criminal Justice Act. Shortly after Wohlander's appointment, Gill moved to be examined under 18 U.S.C. § 4244 to determine whether he was suffering from a mental disease or defect as a result of a history of childhood abuse. [Record No. 32]. The Court denied this motion because it was not supported by substantial information indicating that Gill was suffering from a mental disease or defect. [Record No. 34] Gill was

sentenced on November 13, 2014. [Record No. 38] While Gill objected to the career offender enhancement, the Court determined that the enhancement was properly applied and sentenced him to a term of imprisonment of 200 months, which was within the calculated guideline range of 188 to 235 months. [Record No. 52]

Despite the appellate-waiver provision in the plea agreement, Gill challenged his conviction and sentence on direct appeal. However, the United States Court of Appeals for the Sixth Circuit determined that Gill's guilty plea was valid and, thus, he was barred from challenging his conviction and sentence on appeal. *United States v. Gill*, No. 13-6543 (6th Cir. Aug. 19, 2014).

Gill timely filed a *pro se* motion to vacate, alleging ineffective assistance of counsel under 28 U.S.C. § 2255. [Record No. 79] Specifically, Gill alleges that his trial counsel was constitutionally ineffective for the following reasons: failing to move for a downward departure pursuant to U.S.S.G. 5K2.13; failing to engage in a sufficient investigation into his mental health issues; failing to file a notice for an insanity/diminished capacity defense; advising him to plead guilty; exposing him to a higher mandatory minimum sentence than he would have received had he proceeded to trial; and misrepresenting the appellate waiver in the plea agreement. Gill also claims that his guilty plea was not voluntary.

## II.

### A. Magistrate Judge's Characterization of Gill's Claims

The Court begins with Gill's claim that the magistrate judge mischaracterized the arguments in his § 2555 motion. This Court liberally construes the allegations of a *pro se* habeas petition and applies less stringent standards than those applicable to parties represented by counsel. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). In doing so, the

magistrate judge construed Gill's claims generously, reading his petition to encompass all reasonable claims raised under § 2255. *See id.* ("liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief") (internal quotation omitted). Gill does not suggest an alternative analysis or identify any claim he believes the magistrate judge failed to address.

### B. Voluntariness of Gill's Guilty Plea

"A guilty plea is valid if entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). "Where . . . a defendant is represented by counsel during the plea process and enters his plea based upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation omitted). A defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was objectively unreasonable under *McMann v. Richardson*, 397 U.S. 759 (1970). *Id.*

Gill argues that his plea was involuntary because Leichty misrepresented the potential sentence he would receive. Further, he claims, he was "cajoled, coerced, and deceived into entering a plea" that contained a waiver of his rights. The magistrate judge conclude that Gill's allegations were not supported by the record and that his plea was made voluntarily. [Record No. 96, pp. 6–11] In his objections to the magistrate judge's recommended disposition, Gill reasserts his claim that his plea was the result of Leichty's coercion and misrepresentations. [Record No. 103, p. 2] Additionally, Gill asserts that he was mentally incompetent when he entered his plea. *Id.* at p. 3.

The record demonstrates that Gill was competent, understood the plea agreement, and that he was not coerced into signing it. [Record No. 54, p. 11]. During his plea hearing, the Court asked Gill a number of questions about personal matters and his educational history, to which he provided coherent responses without difficulty. *Id.* at pp. 4–6. He testified that he had never been diagnosed with or treated for any mental health issues and that he was not under the influence of drugs or alcohol. *Id.* at 4–5. Gill confirmed that he had reviewed and discussed both the indictment and plea agreement with Leichty and that he understood the terms. *Id.* at pp. 6–7. Throughout the hearing, Gill affirmed repeatedly that he understood the proceedings. The prosecutor summarized the essential terms of the plea agreement and Gill agreed with those terms. The Court reiterated to Gill that, under the plea agreement, he could be sentenced as a career offender and that he waived the right to appeal or collaterally attack, except for claims of ineffective assistance of counsel. Gill again stated that he understood before entering his guilty plea. Solemn declarations made in open court carry a strong presumption of truthfulness and thus, "constitute a formidable barrier" in subsequent § 2255 proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73–75 (1977). Further, a trial court's proper plea colloquy generally cures any misunderstandings a defendant may have regarding the nature and consequences of his guilty plea. *Ramos v. Rogers*, 170 F.3d 560, 656 (6th Cir. 1999).

The United States produced an affidavit from Ms. Leichty, demonstrating that she met with Gill on many occasions to discuss his case and whether he should proceed to trial or accept a plea bargain. [Record No. 85-1, p. 1] Leichty stated that Gill did not want to proceed to trial and requested that she seek a plea agreement on his behalf. *Id.* While Gill filed his own affidavit which contradicts these statements, it is conclusory and unsupported by any

evidence of coercion. [Record 89-1] At the time Gill entered his plea, he testified that he had thoroughly discussed his case with Leichty and that he was satisfied with her representation of him.

There is simply no indication that Gill was incompetent or that he did not understand the terms of his plea agreement. *See Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) (a district judge may rely on his recollections of criminal proceedings in deciding a § 2255 motion). Gill stated unequivocally that he understood these matters. Other than unsupported, conclusory allegations, he has not offered any proof to the contrary. Based on all of the information presented, the Court concludes that Gill entered into the plea agreement knowingly, voluntarily, and intelligently and, thus, his guilty plea was valid. *See Brady v. United States*, 397 U.S. 742, 748 (1970).

### C. Ineffective Assistance of Counsel

Gill also claims that Ms. Leichty and Mr. Wohlander provided constitutionally ineffective representation. To prevail on this claim, Gill must prove both deficient performance and prejudice by a preponderance of the evidence. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In Leichty's case, he must also establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Surmounting *Strickland's* high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and counsel is strongly presumed to have acted within the "wide range of reasonable professional assistance." *Nix v. Whiteside*, 475 U.S. 157, 165 (1986) (internal quotation marks and citation omitted).

### 1. Failure to Investigate Mental Health Background

Gill claims that counsel was ineffective for failing to engage in a thorough investigation of his mental health background. Gill's § 2255 motion reveals, however, the he and Leichty discussed his mental health history and that she believed his past abuse should be argued as sentencing factor under 18 U.S.C. § 3553(a). [Record 89-1, p. 3] Apparently Leichty intended to obtain a mental health evaluation, but Gill filed a motion for new counsel before she had an opportunity to do so. [Record No. 79, p. 5] Approximately two weeks after Mark Wohlander's appointment, he moved for a psychiatric examination under 18 U.S.C. § 4244, but the Court denied the motion because there was insufficient evidence that Gill was suffering from any mental disease or defect. [Record No. 34] Wohlander did raise the issue of Gill's difficult upbringing during sentencing, however. [Record No. 52, p. 20]

Despite Gill's claims of mental illness, he has presented no evidence other than his own subjective beliefs. Further, he testified during his plea hearing that he had no history of mental illness. A § 2255 movant is required to state the facts supporting each ground for relief. *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) ("[C]onclusory allegations alone . . . are insufficient to state a valid claim under § 2255."). While the Court is sympathetic to the abuse that petitioner suffered in his childhood, counsel's actions were objectively reasonable and there is nothing to suggest that they did not adequately investigate his claims of mental illness.

### 2. Misrepresentations Regarding the Plea Agreement

Gill claims that he would not have pled guilty and would have insisted on proceeding to trial had Leichty not misrepresented the contents of his plea agreement. Specifically, he claims that she lied about his right to appeal, as well as the potential for a career offender

enhancement. He also claims that she promised him he would receive a sentence of 120 months' imprisonment. All of these items were clearly addressed in the plea agreement, however. Gill testified under oath during his plea hearing that he had reviewed and discussed the agreement with Ms. Leichty and that he agreed to its provisions. Further, the undersigned reviewed these provisions with Gill during the hearing and he again testified that he understood and agreed to the terms. Assuming, *arguendo*, that Gill could establish deficient performance, he cannot show that he has been prejudiced, as the Court specifically discussed the provisions that he claims to have misunderstood. *See Ramos*, 170 F.3d at 565. The Court's thorough procedures under Rule 11 cure any claim that Gill was prejudiced by the alleged erroneous advice. *See id.* (citing *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993)).

Gill also argues that Leichty was deficient in advising him to plead guilty, thereby exposing him to a lengthier sentence than if he had gone to trial. Gill maintains that Leichty promised him he would receive a sentence of 120 months imprisonment but Gill testified during his plea colloquy that, other than what was contained in the plea agreement, no one had made any promises to induce him to plead guilty. [Record No. 54, p. 11] The Court advised Gill of the maximum sentence and the possibility of a career offender enhancement. *Id.* at p. 13. Gill fails to explain how the sentence he received—200 months—is greater than the sentence he would have received had he proceeded to trial on all ten counts of the indictment.

**D. Evidentiary Hearing**

Gill requests an evidentiary hearing concerning his claims. [Record No. 103, p. 3] He seeks to prove that he was mentally incompetent at the time he entered his guilty plea, yet that claim is completely contradicted by the record. An evidentiary hearing is not required when the record conclusively shows that a petitioner is not entitled to relief. *Blanton v. United States*,

94 F.3d 227, 235 (6th Cir. 1996). As Gill has failed to allege facts that could reasonably lead to federal habeas relief, no hearing is warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (evidentiary hearing not required when the record "refutes the applicant's factual allegations or otherwise precludes habeas relief").

### E. Certificate of Appealability

A Certificate of Appealability issues "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court has denied the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists could differ with respect to the district court's resolution. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that none of Gill's claims raises a meritorious argument regarding a constitutional right. Reasonable jurists would not conclude that the Court's assessment is debatable and, therefore, a Certificate of Appealability will not be issued regarding any of Gill's claims.

### III.

Based on the foregoing analysis and discussion, it is hereby **ORDERED** as follows:

1. United States Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 96] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2. Gill's objections to the Magistrate Judge's Recommended Disposition [Record No. 103] are **OVERRULED.**

3. Gill's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 79] is **DENIED.**

    4.       The motion to dismiss for lack of jurisdiction by the United States [Record No. 85] is **GRANTED.**

    5.       A Certificate of Appealability shall not issue.

This 6th day of May, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge